**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILMAR HUMBERTO TORRES; LUZ ALEYDA GARCIA,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73067<br><br>Agency Nos. A079-535-914<br>A079-535-915<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Gilmar Humberto Torres and Luz Aleyda Garcia, natives and citizens of

Colombia, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for an abuse of discretion, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen to apply for asylum and withholding of removal as untimely because the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present material evidence of changed circumstances in Colombia to qualify for the regulatory exception to the time limitation for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010).

The BIA also did not abuse its discretion in denying petitioners' motion to reopen to apply for protection under the Convention Against Torture because it considered the evidence submitted and acted within its broad discretion in determining petitioners did not demonstrate prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought).

09-73067

Finally, we lack jurisdiction to review the BIA's decision not to exercise its sua sponte power to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**